JOHN HAMILTON

*v.*

THOMAS ROOK.

1. SPECIFIC PERFORMANCE—*laches, excuse for.* A purchased three eighty-acre tracts of land and a lot of two acres; and afterward being unable to

pay, reconveyed to B, his grantor, two of the eighty tracts, and it was contended that he intended also to include in this conveyance the two-acre tract. He never paid the taxes afterward on it; but about six years afterward, by a verbal contract, sold it to C for $40, to be paid in rails. C took possession and built a house on it, and improved the same, and offered to make payment, and demanded a deed. A then informed him that the title was in B, and told him he must go to the latter for a deed, which he did, and took a bond for a deed. He then sold his interest to D, who sold to E. After this, A filed a bill against E to enjoin the removal of the building, and E filed a cross bill to reform the deed from A to B, by inserting therein the premises in dispute, and subsequently amended his bill, praying for specific performance of the verbal contract of sale to C, which was decreed by the circuit court upon payment of the purchase money due : *Held*, that the decree was proper, and that the conduct of A, in sending C to B for a deed, relieved C of all charge of laches, in abandoning his contract with A, and that E, under the circumstances, was not chargeable with laches.

APPEAL from the Circuit Court of Bureau County; the Hon. E. S. LELAND, Judge, presiding.

The facts are sufficiently stated in the opinion of the court.

Mr. S. M. KNOX, for the appellant.

Mr. J. I. TAYLOR and Mr. THOMAS J. HENDERSON, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

In December, 1857, one Bubach sold to the complainant, Hamilton, a tract of land consisting of three lots of eighty acres each and a lot of two acres. In 1860, Hamilton reconveyed to Bubach two of the lots, containing one hundred and sixty acres. Bubach swears that it was understood, at the time, that the deed also included the lot of two acres. Hamilton denies this in his testimony. In 1866, one Britt went to Hamilton to buy this two-acre lot, and, according to the testimony of both Hamilton and Britt, made a verbal con-

tract of purchase—Hamilton telling him he could go on and build his house, and Britt agreeing to pay in the following March. The price agreed on was $40, which Britt testifies Hamilton was to take in rails. Some time in the winter, after making this contract, Britt swears he called on Hamilton again, having, in the meantime, built his house, and told him the rails were ready, and asked for a deed. Hamilton, as Britt testifies, then told him the title was in Bubach, and that he must go to him for a deed. Britt went to Bubach, who gave him a bond for a deed on payment of $45. Britt subsequently sold his interest to Garver, and Garver sold to Rook, the appellee herein. Hamilton, in 1870, filed a bill against Rook, alleging that he was about to remove the house from said two acres, and praying for an injunction. The appellee answered, and filed a cross bill setting up Britt's bond from Bubach and the assignments to himself, and alleging a mistake in the reconveyance from Hamilton to Bubach. He afterward filed an amended cross bill setting up the verbal contract between Hamilton and Britt, alleging the facts above stated as part performance, and praying for relief under this contract if denied on the other ground. The court held the mistake in the reconveyance not sufficiently proven, but granted the relief asked under the amended cross bill, requiring Hamilton to convey on the payment of the $40 and interest.

Although the evidence in this case is not of the clearest character, we think the court did not err in its decree. That a verbal contract was made, is shown by the evidence of the appellant himself; and that Britt took possession and built his house under that contract, is equally clear. He testifies, when he went for his deed, the appellant referred him to Bubach; and while this is denied by appellant, it is difficult to explain why Britt should have gone to Bubach and have agreed to give him five dollars more than he was to give appellant, unless the latter had in some way referred him to Bubach as the person from whom the title was to come. Britt gained nothing by taking the bond from Bubach, and was placing his improvements in peril. His statement is consistent with the

established facts in the case, and he is a disinterested witness. He further states that when he told appellant the rails were ready and demanded a deed, appellant not only referred him to Bubach, but said he himself could not give him a deed.    If this be true, it relieves Britt of all charge of laches or of abandoning his contract with appellant.

No presumption is to be indulged against the appellee because in his first cross bill he only set up the bond from Bubach.    He was not the immediate purchaser from Britt, and may well have been ignorant of the true character of the transaction.

The decree does substantial justice.    It gives appellant the price for his land, which he admits he sold it for, with interest, instead of giving him, for nothing, the improvements purchased by appellee in good faith.

*Decree affirmed*